IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2017

## LADARIUS L. REFFEGEE v. BLAIR LEIBACH, WARDEN

**Appeal from the Criminal Court for Trousdale County**
**No. 2017-CV-4606      John D. Wootten, Jr., Judge**

_____

**No. M2017-01153-CCA-R3-HC**

_____

Pro se Petitioner, Ladarius L. Reffegee, appeals from the Trousdale County Criminal Court's summary dismissal of his petition for writ of habeas corpus. On appeal, the Petitioner argues that his judgments of conviction and sentences are void because an arrest warrant was not issued prior to his arrest, divesting the court of jurisdiction to sentence and convict him. The State asserts that the Petitioner failed to show that his judgments were void. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Ladarius Leon Reffegee, Pro Se, Clifton, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following trial, the Petitioner was convicted by a Davidson County jury of second degree murder and carrying a handgun with the intent to go armed. Ladarius L. Reffegee v. State, No. M2008-02197-CCA-R3-PC, 2009 WL 3400683, at *1 (Tenn. Crim. App. Oct. 20, 2009). The Petitioner also pleaded guilty to possession of more than 0.5 grams of cocaine with intent to sell. Id. The trial court imposed an effective twenty-three-year sentence. Id. This court affirmed his convictions on direct appeal, and the Tennessee Supreme Court denied permission to appeal. State v. Ladarius L. Reffegee, No. M2005-

02891-CCA-R3-CD, 2007 WL 1836697 (Tenn. Crim. App. June 27, 2017), perm. app. denied, (Tenn. Oct. 15, 2007).

The Petitioner filed a petition for post-conviction relief, which was dismissed by the post-conviction court. Ladarius L. Reffegee, 2009 WL 3400683, at *1. This court affirmed the dismissal, and the Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court. Id.

On March 8, 2017, the Petitioner filed a pro se petition for writ of habeas corpus in the Trousdale County Circuit Court challenging the validity of his indictments. He claimed that the trial court lacked jurisdiction because the State "failed to obtain an arrest warrant charging him with the offense at the time of the trial[, w]hich rendered the judgment[s] of conviction and . . . sentence[s] fatal void."[1] The habeas corpus court summarily dismissed his petition on May 9, 2017, determining that the "arguments and assertions by the petitioner lack merit." Further, the court held that it could "glean from the record that the defendant was indicted by the Davidson County Grand Jury[, and] [t]he indictments by the Grand Jury of Davidson County cured any defects, if any existed, with regard to an affidavit of complaint and a warrant." The Petitioner filed a timely notice of appeal on June 5, 2017. In the notice of appeal, he asserted that the habeas corpus court "denied his Petition for Writ of Habeas Corpus Relief, without providing him with an evidentiary hearing to the Court of Criminal Appeal in Nashville, Tennessee."

## ANALYSIS

On appeal, the Petitioner contends that his judgments of conviction and sentences are void because a valid arrest warrant was not issued prior to his arrest on July 15, 2004, causing the statute of limitations on his prosecution to expire and divesting the court of jurisdiction to sentence him. He appears to argue that the affidavit of complaint issued after his arrest did not constitute a charging instrument, was void ab initio, and that the failure to have an arrest warrant at the time of arrest could not be cured by subsequent indictments. The Petitioner also appears to contend that the arrest warrant was the only method by which prosecution could commence and that the indictments issued three months later did not initiate prosecution. Specifically, the Petitioner asserts that the State's method of commencing prosecution using an affidavit of complaint, but no arrest warrant, violated "Tenn. R. Crim. P. 4(c)(1), Tenn. Code Ann. § 40-6-201, and the Fourth and Fourteenth Amendments of the United States Constitution." The State responds that the habeas corpus court properly determined that the Petitioner's indictments cured any

---

[1] The indictments were not included in the record on appeal.

- 2 -

alleged defects in the arrest warrant, giving the trial court jurisdiction to impose the convictions. After review, we agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see also T.C.A. §§ 29–21–101 to –130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a [P]etitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

The Tennessee Supreme Court has held that "the validity of an indictment . . . may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. Generally, an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the

entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). The Tennessee Supreme Court has held that an indictment that specifically references the statute under which the defendant is indicted is sufficient to satisfy the notice requirement. See State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000); see also State v. Carter, 988 S.W.2d 145, 149 (Tenn.1999); Ruff v. State, 978 S.W.2d 95, 97, 100 (Tenn. 1998).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Roger L. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

- 4 -

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b)(1)-(4). A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. Summers, 212 S.W.3d at 260 (citing Hickman, 153 S.W.3d at 21).

In this case, the Petitioner failed to comply with the statutory requirements outlined in Tennessee Code Annotated section 29-21-107(b). Specifically, the petition failed to include a copy of his indictments in the trial court or on appeal. This reason alone is grounds for summary dismissal of the petition. See Tenn. Code Ann. § 29-21-107(b)(2); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (1964). In addition, the Petitioner argues that the trial court was without jurisdiction because the affidavit of complaint did not serve as an arrest warrant, and his subsequent indictments, issued three months after his arrest, fell outside the statute of limitations for his crimes.[2] However, statutes of limitation are not jurisdictional but are waivable by the defendant. State v. Pearson, 858 S.W.2d 879, 887 (Tenn. 1993). As such, proof beyond the face of the record would be needed to establish the absence of a waiver. Therefore, because the claim, even if true, would render the conviction merely voidable, this is not a proper claim for habeas relief. See Billy James Matthews v. Glenn Turner, Warden, No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (Tenn. Crim. App. Apr. 26, 2005); see also James Thomas v. Randy Lee, Warden, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488 (Tenn. Crim. App. July 21, 2016) (denying habeas relief on the petitioner's claim of a void warrant because the petitioner's indictment was issued within the statute of limitations and was the charging instrument for the offenses).

In a related issue, the Petitioner also asserts that his arrest violated the Fourth and Fourteenth Amendments of the state and federal constitutions because the warrants were not issued prior to his arrest. However, habeas corpus claims based on the violation of the Fourteenth Amendment are not cognizable claims for habeas corpus relief. See Summers, 212 S.W.3d at 261; Asata D. Lowe v. James Fortner, Warden, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *3 (Tenn. Crim. App. Mar. 30, 2012); See Archer v. State, 851 S.W.2d 157, 160 n. 2 (Tenn. 1993) (citing Stone v. Powell, 428 U.S. 465 (1976)); Ortega Wiltz v. Howard Carlton, Warden, No. E2010-02091-CCA-R3-HC, 2011 WL 2410337, at *2 (Tenn. Crim. App, at Knoxville, June 10, 2011) ("[A]n

_____

[2] Any defects in the warrants, as alleged by the Petitioner, would have been cured by the return of valid indictments. Bobby Lee Scales, Jr. v. Dwight Barbee, Warden, No. W2012-00163-CCA-R3-HC, 2012 WL 4017375 (Tenn. Crim. App. Sept. 12, 2012), perm. app. denied, (Tenn. Feb. 12, 2013); see also Danny Ray Meeks v. State, No. 01C01-9709-CC-00387, 1998 WL 748676, at *2 (Tenn. Crim. App. Oct. 23, 1998), perm. app. denied, (Tenn. May 10, 1999).

allegation that evidence was unlawfully obtained in violation of the Fourth Amendment would merely render such judgments voidable, not void."). As such, we conclude that the Petitioner has not satisfied his burden of demonstrating by a preponderance of the evidence that his judgments are void or that his confinement is illegal. Accordingly, the trial court properly denied the Petitioner habeas corpus relief.

## CONCLUSION

Upon review, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE